IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DENA IRENE WOLFE STANSBURY,    *

    Plaintiff,    *

vs.    *    Civil Action No. ADC-17-2221

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,[1]    *

    Defendant.    *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On August 7, 2017, Dena Irene Wolfe Stansbury ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint, the parties' cross-motions for summary judgment (ECF Nos. 17–18) and Plaintiff's response (ECF No. 19), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2016). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 17) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 18) is DENIED, and the decision of the SSA is REMANDED for further consideration in accordance with this opinion.

## PROCEDURAL HISTORY

On September 5, 2014, Plaintiff filed a Title II application for DIB and a separate Title XVI application for SSI, which both alleged disability beginning on December 27, 2013. Her

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner of Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

1

claims were denied initially and upon reconsideration on December 3, 2014 and April 8, 2015, respectively. Subsequently, on April 22, 2015, Plaintiff filed a written request for a hearing and, on August 30, 2016, an Administrative Law Judge ("ALJ") presided over a video hearing. On September 20, 2016, the ALJ rendered a decision ruling that Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act [(the "Act")], from December 27, 2013, through the date of this decision." ECF No. 11 at 32. Thereafter, Plaintiff filed an appeal of the ALJ's disability determination and, on June 28, 2017, the Appeals Council denied Plaintiff's request for review. Thus, the decision rendered by the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On August 7, 2017, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability applications. On April 3, 2018, Plaintiff filed a Motion for Summary Judgment, and on June 11, 2018, Defendant filed a Motion for Summary Judgment. Plaintiff filed a response on June 21, 2018.[2] This matter is now fully briefed and the Court has reviewed both parties' motions.

### STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the

---

[2] On July 10, 2018, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB and SSI, a claimant must establish that she is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the

4

duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 404.1520(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work.

20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 96-7p, 1996 WL 374186, at *1–9 (July 2, 1996). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.*, at *5.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(e), 416.920(a)(4)(iv), 416.920(e).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R.

§§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of December 27, 2013. ECF No. 11 at 20. At step two, the ALJ found that Plaintiff had the severe impairments of "degenerative disc disease; osteoarthritis, status post right knee replacement; diabetes mellitus; obesity; bipolar disorder; and anxiety disorder." *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 21. At step four, the ALJ determined that Plaintiff had the RFC:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except [Plaintiff] can lift and carry twenty pounds occasionally and ten pounds frequently; stand or walk for four out of eight hours; and sit for six out of eight hours. [Plaintiff] can occasionally climb stairs, balance, stoop, kneel, crouch, and crawl but cannot climb ladders. She can occasionally reach overhead and can frequently handle and finger with the non-dominant left upper extremity. [Plaintiff] requires the option to change positions between sitting and standing every half hour. She cannot have concentrated exposure to wetness and humidity, and cannot have any exposure to hazards. She can perform simple and detailed tasks. [Plaintiff] can have occasional contact with supervisors, coworkers, and the public. She is limited to low stress work defined as occasional decisionmaking and occasional changes in work setting.

*Id.* at 23. The ALJ then determined that Plaintiff was able to perform past relevant work as a bookkeeper or accounting clerk. *Id.* at 29. In the alternative, the ALJ found that, "considering [Plaintiff]'s age, education, work experience, and [RFC], there are other jobs that exist in significant numbers in the national economy that [Plaintiff] can also perform." *Id.* at 31. Thus,

7

the ALJ concluded that Plaintiff "ha[d] not been under a disability, as defined in the [Act], from December 27, 2013, through the date of this decision." *Id.* at 32.

## DISCUSSION

On appeal, Plaintiff solely alleges that the ALJ erred by inadequately accounting for Plaintiff's "moderate difficulties" in concentration, persistence, or pace in violation of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015) and requests a remand. Specifically, Plaintiff contends that the ALJ did not include a limitation to account for Plaintiff's moderate difficulties by merely stating that Plaintiff "retains the [RFC] to perform simple and detailed tasks" and that the ALJ failed to explain why including a limitation was unnecessary. ECF No. 17 at 13–15 (record citation and internal quotation marks omitted). The Court agrees.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. Specifically, the Fourth Circuit recognized a difference between the ability to perform simple tasks and the ability to stay on task, stating that the latter ability concerns the broad functional area of concentration, persistence, or pace. *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*; *see also Carr v. Colvin*, No. TMD 15-685, 2016 WL 4662341, at *10 (D.Md. Sept. 7, 2016) (remanding for the ALJ to "determine on a function-by-function basis how Plaintiff's impairments affect his ability to work for a full workday").

8

Here, the ALJ's RFC assessment did not properly account for Plaintiff's difficulties in concentration, persistence, or pace. At step three of the sequential evaluation, the ALJ determined that "[w]ith regard to concentration, persistence or pace, [Plaintiff] has moderate difficulties," and further explained as follows:

> [Plaintiff] testified that she has experienced worsening concentration since the alleged onset date. Treatment records also indicate some circumstantial thinking and preoccupations during an episode of decompensation in August 2014. However, [Plaintiff] had generally intact cognition and no apparent memory impairment at that time. Psychiatry records also indicate that [Plaintiff] could concentrate and exhibited normal memory.

ECF No. 11 at 22 (internal record citations omitted). The ALJ further discussed that Plaintiff's psychiatrist "indicated on several occasions that [Plaintiff] had fair insight and judgment, was attentive, and had intact memory" and considered the opinions of the State agency psychological and psychiatric consultants as well as Plaintiff's aunt. *Id.* at 26, 28–29. The ALJ then limited Plaintiff's RFC, in pertinent part, stating that Plaintiff "can perform simple and detailed tasks [and] . . . have occasional contact with supervisors, coworkers, and the public[, and] . . . is limited to low stress work defined as occasional decisionmaking and occasional changes in work setting." *Id.* at 23. The latter portion of this RFC finding imposes a restriction that corresponds with the ALJ's finding of moderate difficulties in social functioning, not concentration, persistence, or pace. *See Henry v. Berryhill*, No. BPG-17-57, 2018 WL 558839, at *3 (D.Md. Jan. 25, 2018). Thus, there is no restriction for the ALJ's finding of moderate difficulties in concentration, persistence, or pace. *See Bey v. Berryhill*, No. CBD-17-2292, 2018 WL 3416944, at *3–4 (D.Md. July 12, 2018) (determining that an RFC which limited the claimant "to simple, routine tasks and occasional contact with supervisors, coworkers, and the public" and "low stress work, defined as occasional decisionmaking [sic] and occasional changes in the work setting"

9

failed to account for the claimant's moderate limitations in concentration, persistence, and pace (record citation omitted)); *Mims v. Berryhill*, No. TMD 16-2813, 2017 WL 3704615, at *7 (D.Md. Aug. 28, 2017) (determining that an "RFC assessment limiting Plaintiff to 'a low stress job defined as occasional interaction with the public, co-workers, or supervisors' d[id] not account for Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace" (internal record citation omitted)); *McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *4 (D.Md. July 18, 2017) (concluding that "there [wa]s no corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresse[d the claimant]'s ability to sustain work throughout an eight-hour workday" where "the ALJ imposed a RFC restriction that [the claimant could] perform 'simple, routine, and repetitive tasks involving only simple work-related decisions with few if any workplace changes and only occasional supervision'" (record citation omitted)). The ALJ noted Plaintiff's difficulties in this area in her opinion, explicitly acknowledged evidence that Plaintiff has difficulties maintaining concentration, persistence, or pace, and posed hypotheticals to the vocational expert inquired about time off task "due to poor concentration and/or pain," but the ALJ failed to include any restrictions related to that limitation in the RFC assessment. ECF Nos. 11 at 24, 26, 29, 85, 88, 90–91; *see also Martin v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-335, 2015 WL 7295593, at *3 (D.Md. Nov. 18, 2015) (remanding case after ALJ discussed evidence pertaining to claimant's difficulties in concentration, persistence, or pace but then did not offer a restriction corresponding to the limitation nor did the ALJ justify the lack of restriction given).

"As the Fourth Circuit mandates under *Mascio*, 'once an ALJ had made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why

10

no such limitation is necessary.'" *Henry*, 2018 WL 558839, at *3. (citation omitted). "Without providing further analysis of plaintiff's mental limitations, highlighting medical evidence refuting the severity of the limitation, or otherwise discussing why a restriction pertaining to concentration, persistence, or pace is not needed in the case, this court cannot perform an adequate review." *Id.* Because the ALJ neither included a proper limitation in her RFC assessment nor explained why such a limitation was unnecessary in this case, the Court must remand the case to the SSA for further analysis consistent with *Mascio*.

## CONCLUSION

In summation, the Court finds that the ALJ improperly found that Plaintiff was "not disabled" within the meaning of the Act from December 27, 2013 through the date of the ALJ's decision. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 17) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 18) is DENIED, and the decision of the SSA is REMANDED for further consideration in accordance with this opinion. The clerk is directed to CLOSE this case.

Date: 3 August 2018

A. David Copperthite
United States Magistrate Judge